CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 26 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD JAMES EGAN, | CASE NO. 7:12CV00129 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| ROANOKE CITY CIRCUIT COURT, ET AL., | By: James C. Turk |
| | Senior United States District Judge |
| Defendant(s). | |

Edward James Egan, a Virginia inmate proceeding pro se, filed this action, which he styled as "'Emergency' Federal Complaint." Because Egan complains that state court officials are violating his constitutional rights in a pending criminal case, the court construed and filed Egan's submission as a civil rights action pursuant to 42 U.S.C. § 1983. Upon review of the record, the court summarily dismisses the action.

In his original petition, Egan asks the court to "intervene" in an "ongoing" state court criminal proceeding and order the state court to appoint counsel for Egan. The relevant facts are these, as gleaned from Egan's sparse pleadings and online records state court records.[1] In September 2011, Egan filed a petition in the Roanoke County Circuit Court, claiming that several criminal judgments entered against him are "void" and should be vacated. (CR03000735-740.) The Commonwealth of Virginia responded with a motion to dismiss Egan's petition for lack of jurisdiction. Egan filed motions in the Circuit Court asking for

---

[1] Records from the Roanoke County Circuit Court are accessible online at http://www.courts.state.va.us. A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

appointment of counsel in this matter, but the Court did not grant these motions. State court records online indicate that the Circuit Court dismissed Egan's petition to void the criminal judgments by order entered March 29, 2012.

After the Circuit Court dismissed his case, Egan filed an amendment to his federal complaint, asserting that the dismissal was erroneous. Egan argues that this court may issue a writ under the "All Writ's Act," 28 U.S.C. § 1651, to intervene in the state criminal proceeding and order the Circuit Court to reinstate Egan's petition to void his convictions and to allow him to testify, receive court-appointed counsel, and present witnesses to show that his convictions were illegally obtained.

The court summarily dismisses Egan's initial federal petition as moot. The case for which Egan sought an order directing the Circuit Court to appoint counsel for him has now been dismissed. Therefore, the court cannot grant the relief Egan requests in his complaint, and the complaint is moot. A federal court has no authority to render decisions on moot questions. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992). "[A] case is moot when the issues presented are no longer 'live'. . . ." Powell v. McCormack, 395 U.S. 486, 496 (1969)..

Moreover, Egan is not entitled to the relief he seeks. It is well established that federal courts may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances not present here. See Younger v. Harris, 401 U.S. 37, 45 (1971); Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) (finding that state court criminal proceedings are considered pending until state judicial remedies have been exhausted). Therefore, the court summarily dismisses Egan's petition seeking an order directing the state court to appoint counsel for him.

Egan's amended petition, seeking an order from the court directing the state court to reinstate Egan's petition for void judgment, is equally without merit. This court has no jurisdiction to review or overturn the Circuit Court's decision to dismiss Egan's petition.[2]

For the reasons stated, the court dismisses Egan's complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[3] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of April, 2012.

/s/ James C. Turk
Senior United States District Judge

---

[2] Lower federal courts do not have jurisdiction to review directly the judgments of state courts. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Id. Only after a defendant in state court criminal proceedings has exhausted his state court remedies, can he pursue habeas corpus relief in federal court. Id. at 732. Because Egan clearly has not yet exhausted available state court remedies regarding the claims raised in his Circuit Court petition, he is not entitled to habeas corpus relief. Therefore, the court will not construe his current submissions as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

[3] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

3